# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

LYNNE BARNETT,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

No. 17-CV-0033-LTS

**REPORT AND RECOMMENDATION**

_____

Plaintiff, Lynne Barnett ("claimant"), seeks judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act, sections 201-34 (now codified at 42 U.S.C. §§ 401-34). She contends that the Administrative Law Judge (ALJ) who heard her claim erred in determining that she was not disabled. For the reasons that follow, I recommend that the District Court **affirm** the Commissioner's decision.

## I.    BACKGROUND

I adopt the facts set forth in the parties' Joint Statement of Facts and therefore only summarize the pertinent facts here. (Doc. 10). Claimant was born in 1962, making her fifty years old when she allegedly became disabled and fifty-three years old at the time of the ALJ's decision. (AR 178).[1] Claimant achieved a college education and has past

---

[1] "AR" refers to the administrative record below.

relevant work as a nurse, school nurse, and nurse supervisor. (AR 33, 141). Claimant last met insured status on March 31, 2015. (AR 23).[2]

On April 1, 2014, claimant filed an application for disability insurance benefits. (AR 21, 112). She alleged a disability onset date of September 17, 2013, the day following the denial of a previous claim for Title II benefits. (AR 92, 178). The Social Security Administration denied the instant claim initially and on reconsideration. (AR 144, 150). On January 11, 2016, Administrative Law Judge David W. Thompson held a hearing on the matter. (AR 41-91). Claimant offered testimony and was represented by counsel. (*Id.*). Testimony was also heard from Brian Paprocki, a vocational expert. (AR 74-91). On February 5, 2016, the ALJ issued a decision denying the claim. (AR 18-35). The Appeals Council subsequently denied review. (AR 1-4). The ALJ's decision therefore became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481.

On April 5, 2017, claimant timely filed the instant complaint in this Court. On November 15, 2017, the Court deemed the case fully submitted and ready for decision. The Honorable Leonard T. Strand, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation.

## II. DISABILITY DETERMINATIONS AND BURDEN OF PROOF

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual has a disability when, due to his physical or mental impairments, "he is not

---

[2] To be entitled for disability insurance benefits, claimant must show the existence of a disability on or before the date that her insured status expired. *Fisher v. Shalala*, 41 F.3d 1261, 1262 (8th Cir. 1994).

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). If the claimant is able to do work which exists in the national economy but is unemployed because of inability to get work, lack of opportunities in the local area, economic conditions, employer hiring practices, or other factors, the ALJ will still find the claimant not disabled.

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows the five-step sequential evaluation process outlined in the regulations. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). "Substantial" work activity involves physical or mental activities. (*Id.* § 404.1572). "Gainful" activity is work done for pay or profit, even if the claimant did not ultimately receive pay or profit. (*Id.*).

Second, if the claimant is not engaged in substantial gainful activity, then the Commissioner looks to the severity of the claimant's physical and mental impairments. *Id.* § 416.920(a)(4)(ii). If the impairments are not severe, then the claimant is not disabled. An impairment is not severe if it does "not significantly limit [a] claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707.

The ability to do basic work activities means the ability and aptitude necessary to perform most jobs. These include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work

setting. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *see also* 20 C.F.R. 404.1521 (2015).

Third, if the claimant has a severe impairment, then the Commissioner will determine the medical severity of the impairment. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled regardless of age, education, and work experience. *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) and the demands of his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can still do his past relevant work, then he is considered not disabled. (*Id.*). Past relevant work is any work the claimant performed within the fifteen years prior to his application that was substantial gainful activity and lasted long enough for the claimant to learn how to do it. (*Id.* § 416.960(b)). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite . . . her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted). The RFC is based on all relevant evidence. The claimant is responsible for providing the evidence the Commissioner will use to determine the RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). If a claimant retains enough RFC to perform past relevant work, then the claimant is not disabled.

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show there is other work the claimant can do, given the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2). The Commissioner must

4

show not only that the claimant's RFC will allow him to make the adjustment to other work, but also that other work exists in significant numbers in the national economy. *Eichelberger*, 390 F.3d at 591. If the claimant can make the adjustment, then the Commissioner will find the claimant not disabled. At Step Five, the Commissioner has the responsibility of fairly and fully developing the record before making a determination about the existence of a disability. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). The burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

### III. THE ALJ'S FINDINGS

The ALJ made the following findings at each step with regard to claimant's disability status through March 31, 2015, her date last insured:

At Step One, the ALJ found that claimant had not engaged in substantial gainful activity during the period from her alleged onset date through her date last insured. (AR 23).

At Step Two, the ALJ found that claimant suffered from the severe impairment of degenerative disc disease. (*Id.*). The ALJ also found that claimant suffered from the medically determinable mental impairments of depression and anxiety, but he found that these impairments were non-severe. (AR 24.).

At Step Three, the ALJ found that none of claimant's impairments met or equaled a presumptively disabling impairment listed in the regulations. (AR 26); *see* 20 C.F.R. Part 404, Subpt. P, App. 1.

At Step Four, the ALJ found that claimant retained the RFC required to perform light work, subject to restrictions of "occasional climbing of ramps, stairs, and ladders; no climbing of ropes and scaffolds; [and] occasional stooping, kneeling, crouching and crawling." (AR 27). Based on this RFC determination, the ALJ determined that claimant

5

was able to perform her past relevant work as a school nurse or nurse supervisor. (AR 33).

Nevertheless, the ALJ proceeded to Step Five, where he found that, in the alternative, claimant's RFC and postural limitations would also permit her to perform the sedentary jobs of hospital admitting clerk and medical receptionist. (AR 34). The ALJ thus concluded that claimant was not under a disability at any time between her alleged onset date and her date last insured. (AR 35).

## IV. THE SUBSTANTIAL EVIDENCE STANDARD

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645 (internal quotation marks omitted). The Eighth Circuit Court of Appeals explains the standard as "something less than the weight of the evidence . . . [that] allows for the possibility of drawing two inconsistent conclusions[;] thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citations and internal quotation marks omitted).

In determining whether the Commissioner's decision meets this standard, a court "consider[s] all of the evidence that was before the ALJ, but . . . do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). A court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The Court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence

appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the Court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The Court, however, "do[es] not reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the Court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the Court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The Court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## V.  DISCUSSION

Claimant argues that the ALJ's determinations as to claimant's mental disabilities and physical RFC were unsupported by substantial medical evidence on the record. Specifically, claimant argues that the ALJ lacked substantial evidence in determining that claimant's depression and anxiety were non-severe impairments. (Doc. 11, at 31-41). Claimant would have this Court hold that the ALJ's failure to present substantial medical

evidence in support of his decision prejudiced claimant's disability determination and therefore constitutes reversible error because the ALJ failed to present the vocational expert with hypothetical scenarios that accurately reflected claimant's limitations. Because I find that the ALJ's underlying determinations were not erroneous, however, I find that the ALJ presented valid hypotheticals to the vocational expert.

### A. *Mental Impairments*

Claimant argues that the ALJ erred in finding that her medically-determinable mental impairments were non-severe. In particular, claimant contends that the ALJ should have relied on the opinions of her treating psychiatrist, Dr. Frank Babcock, M.D., as well as the opinions of consultative examiner Dr. Harlan Stientjes, Ph.D., and state agency expert, Dr. Dee Wright, Ph.D. (Doc. 11, at 38-40). Claimant additionally argues that the ALJ erroneously interpreted her GAF score, which Dr. Stientjes evaluated as 57. (*Id.*, at 40).

Claimant correctly asserts that "[t]he sequential evaluation process may be terminated at Step Two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [claimant's] ability to work." *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). Indeed, the claimant's burden of establishing such a minimal impact is low. (*Id.*). Here, however, claimant did not meet that burden. Although claimant established that she did suffer certain deficiencies, the evidence, nonetheless, supports the Commissioner's claim that claimant was able to work. The ALJ found, and claimant does not contest, that claimant had "No problem with [activities of daily living]." (AR 24). Claimant had a self-proclaimed ability to pay attention for an "unlimited" period of time, to finish what she started, and to follow spoken instructions "well." (*Id.*).

Although Dr. Babcock did opine that claimant suffered from major depressive disorder and anxiety, and his treatment notes support the diagnoses, the treatment notes

8

are dated less than one year prior to claimant asserting her abilities to pay attention, complete tasks, and follow instructions. (*See* AR 395-96, 258). Given these reports, either claimant's depression and anxiety did not affect her ability to complete these tasks at all, or they improved to the point where claimant could complete these tasks and, further, improved to that point in well under one year. The ability to successfully complete these tasks is consistent with the mental ability to work.

Further, Dr. Babcock's "Medical Opinion RE: Ability to Do Work-Related Activities (Mental)" was a checkbox form that contained no medical evidence or elaboration. "[A] conclusory checkbox form has little evidentiary value when it cites no medical evidence, and provides little to no elaboration." *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) (citation and internal quotation marks omitted). In light of the evidence to the contrary, discounting the ALJ's opinions contained within the form was not error.

Based on claimant's self-professed ability to successfully complete several tasks consistent with an ability to work and, notably, that claimant expressed this ability after Dr. Babcock created his treatment notes with respect to her anxiety and depression, I find that the ALJ did not err in considering Dr. Babcock's opinions.

Likewise, Dr. Stientjes's report, issued a mere six weeks after claimant provided that she could successfully complete the aforementioned tasks, is consistent with claimant's statements. For example, Dr. Stientjes opined that claimant could "understand and remember simple to mildly complex oral and written instructions," read a fourth-grade passage "fluently," and was able to complete a number of cognitive tests with only minor errors. (AR 402-04). Claimant asserts that the ALJ should have relied more heavily on Dr. Stientjes's opinions. (Doc. 11, at 37). A complete consideration of Dr. Stientjes's report, however, shows that his opinions are wholly consistent with finding that no mental disability precludes claimant's ability to work. Although Dr. Stientjes did

assess claimant with a GAF score of 57, "GAF scores have no direct correlation to the severity standard used by the Commissioner." *Wright v. Colvin*, 789 F.3d 847, 855 (8th Cir. 2015). Therefore, an ALJ may properly discount a GAF score. (*Id.*). As such, I find that the ALJ's reliance on Dr. Stientjes's report, including the GAF score assessed, was proper.

Turning, finally, to Dr. Wright's opinions, I find no error. Indeed, as was the case with Dr. Stientjes's opinions, Dr. Wright's "Additional Explanation," which contains a comprehensive discussion of the mental ailments claimant alleges, is wholly consistent with the ALJ's findings. (AR 139). Dr. Wright found that claimant did suffer from certain mental disabilities, but that claimant was able to handle daily responsibilities, was "not significantly limited socially," and that her attention and concentration were "adequate for at least non-complex tasks." (*Id.*). Dr. Wright further opined that claimant was "able to complete simple, repetitive 3-4 step tasks on a sustained basis." (*Id.*). Nothing in Dr. Wright's analysis is contrary to the ALJ's opinion. Therefore, I find that the ALJ did not err with respect to Dr. Wright's analysis.

In light of the evidence presented by both the medical professionals and claimant, I find that the ALJ's decision is supported by substantial medical evidence on the record. Indeed, much of the evidence claimant points to as being inconsistent with the ALJ's decision actually supports the ALJ's decision. Therefore, I respectfully recommend that the District Court **affirm** the ALJ's Step Two analysis with respect to the claimant's mental impairments.

### B. *Physical RFC*

Claimant next argues that the ALJ's physical RFC assessment is unsupported by substantial medical evidence. In support of that argument, claimant asserts that the ALJ should have given her subjective complaints greater weight instead of wholly disregarding them. The ALJ summed up his findings as follows:

10

> In summary, based on a review of the medical evidence of record, as well as the claimant's testimony at the hearing and the record as a whole, the undersigned finds that the claimant has failed to build a logical bridge from the evidence contained in the record that would support . . . her allegations of totally incapacitating symptoms. The undersigned further finds that the claimant has failed to build a logical bridge from the evidence contained in the record that would support a finding of a more [restricted] residual functional capacity than the residual functional capacity . . . found herein.

(AR 33). If substantial evidence would support the ALJ's decision, the Court must affirm the ALJ's decision, even if substantial evidence would also support a contrary conclusion. *Baker*, 730 F.2d at 1150. Although it is possible that the evidence of record would also support a favorable decision for claimant, *Baker* dictates that the ALJ's decision must be affirmed because substantial evidence does support the ALJ's decision. Therefore, I respectfully recommend that the District Court **affirm** the ALJ's decision.

Claimant does not argue that the ALJ's reliance on the non-examining state agency medical consultants was misplaced. Therefore, I will not consider the issue of the ALJ's reliance on the opinions of the state agency consultants. Instead, claimant urges that the ALJ should have given greater weight to claimant's own subjective complaints, as well as the opinions of Dr. Myles Lusczcyk, D.O.

As an initial matter, I find that the ALJ could properly discount claimant's subjective allegations without resorting to claimant's behavior at the hearing. Therefore, I need not consider whether the ALJ properly based his decision, at least in part, on claimant's actions at the hearing. (*See* AR 29-30). Although the evidence does suggest that claimant suffered some degree of pain, the evidence also shows that claimant's pain was manageable with medication that was "relatively effective" in controlling claimant's symptoms. (AR 29, 58-59). Further, although claimant reported that at the hearing, her pain was upward of a seven or eight on a ten-point scale (AR 65), claimant had previously found success in managing her pain with injections and medication. (AR 359-60, 365).

11

Finally, the ALJ appropriately noted the objective physical manifestations of claimant's impairments. (AR 29). The ALJ found that claimant did have decreased range of motion in her spine and "narrowing of the L5-S1 intervertebral disk space with discogenic sclerosis and disk bulging posteriorly," and suffered from "significant midline tenderness with accompanying paraspinal tenderness." (AR 29, 324).

Even in light of the documented medical findings regarding claimant's physical impairments, the ALJ found that claimant's pain was generally treatable with medication. The ALJ specified that this finding was based largely on claimant's credibility, which the ALJ found to be low. (AR 30). Where the record evidence contradicts claimant's subjective complaints, the ALJ may find the claimant to lack credibility. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). The ALJ is in a better position than the Court to determine issues of credibility, and I find that the ALJ's credibility determination is supported by substantial evidence. (*Id.*). Further, the ALJ's thorough consideration of the record demonstrates that he did consider all of the evidence. (*See id.* (requiring an ALJ to consider all of the evidence when identifying inconsistencies between the record evidence and a claimant's subjective complaints)). As such, I find that the ALJ did not err with respect to his consideration of claimant's subjective complaints.

The ALJ's discussion of Dr. Luszcyk's opinions appears, at first blush, to be brief. (*See* AR 30-31). This is misleading, however. In discussing the success of medication in managing claimant's pain, the ALJ refers to Dr. Luszcyk's treatment notes, which provide that medication was largely successful in treating claimant's pain.[3] Further, Dr. Luszcyk specifically stated a belief that claimant would benefit from pain management

---

[3] The Court notes that surgery was not recommended for claimant and, as this was not a recommended course of treatment, does not count claimant's failure to undergo surgery against claimant. Otherwise stated, claimant's non-surgical treatment history for the ailments currently alleged does not bear negatively on her allegations of pain.

and that he would refer claimant to a pain management specialist. (AR 427). Although realizing a benefit does not necessarily mean an individual will experience a complete eradication of any painful symptoms, Dr. Luszcyk's belief that pain management would be helpful for claimant is consistent with the record evidence and is not necessarily consistent with a finding of disability.

Although Dr. Luszcyk opined that claimant "may have difficulty performing any type of functional job" (*Id.*), he did not substantiate the rationale behind this opinion, and the ALJ found that the remaining medical evidence of record did not support this opinion. The same evidence that was relevant to a determination of claimant's credibility is relevant in assessing Dr. Luszcyk's opinion that claimant may not be able to work. The ALJ found that this evidence contradicted Dr. Luszcyk's opinion, and I find that the ALJ's determination is, once again, supported by substantial evidence on the record as a whole. Thus, I recommend the District Court **affirm** the ALJ's decision not to give Dr. Luszcyk's opinions controlling weight.

Finally, I find no error with respect to the ALJ's treatment of Dr. Mark Iltis, M.D.'s opinions. To the best of my understanding, claimant does not dispute the weight the ALJ afforded to Dr. Iltis's opinions. Rather, claimant contends that Dr. Iltis's opinions weighed in favor of claimant's own credibility and the ALJ erroneously failed to recognize this. As shown above, I find that the ALJ's determination of claimant's credibility was well supported. Out of an abundance of caution, however, I will consider whether the ALJ properly addressed Dr. Iltis's opinions in assigning them little weight.

Dr. Iltis completed a "Physical Residual Functional Capacity Questionnaire," which does contain greater limitations than those the ALJ attributed to claimant. (AR 416-20). As the ALJ properly found, however, Dr. Iltis applied a questionable methodology in completing the questionnaire and did not maintain internal consistency within the questionnaire. (AR 31-32). Claimant readily admitted to the ALJ that Dr.

13

Iltis completed the questionnaire while in the presence of claimant and that at least some of Dr. Iltis's responses to the questionnaire were based directly on information provided by claimant. (AR 69). As the ALJ determined, this methodology could call into question the validity of the opinions contained in the questionnaire.

The ALJ further noted that Dr. Iltis's opinions were internally inconsistent. Dr. Iltis opined that claimant would need to walk for ten minutes every twenty minutes in an eight-hour workday but that claimant could walk "less than 2 hours" in an eight-hour workday. (AR 418). As the ALJ noted, it is mathematically impossible for claimant to meet both of these specifications. If claimant were to walk for ten minutes every twenty minutes in an eight-hour workday, she would necessarily walk well in excess of two hours in an eight-hour workday. This is not consistent with Dr. Iltis's opinion that claimant could not walk for two hours in an eight-hour workday. As such, the ALJ properly found Dr. Iltis's opinions to be internally inconsistent.

An "ALJ may discount or disregard [a treating physician's] opinion . . . if the treating physician has offered inconsistent opinions." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). Although it is not clear that Dr. Iltis was truly a treating source, even if he was, the ALJ could have properly discounted Dr. Iltis's opinions based on internal inconsistencies. If Dr. Iltis was not a treating source, his opinions would be entitled to less weight in the first instance and, likewise, could be discounted. Therefore, I find no error and further find that the ALJ's physical RFC assessment is supported by substantial evidence on the record. Therefore, I respectfully recommend that the District Court **affirm** the ALJ's physical RFC assessment. Subsequently, I find that the hypotheticals posed to the vocational expert accurately reflect claimant's limitations.

### VI. CONCLUSION

For the foregoing reasons, I respectfully recommend that the District Court **affirm** the ALJ's decision. The parties must file objections to this Report and Recommendation

14

within fourteen (14) days of the service of a copy of this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* FED. R. CIV. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the District Court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 18th day of January, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa