# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LYNNE BARNETT, | |
| Plaintiff, | No. C17-0033-LTS |
| vs. | MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable C.J. Williams, Chief United States Magistrate Judge. *See* Doc. No. 14. Judge Williams recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. (the Act). Neither party has objected to the R&R. The deadline for such objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir.

2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely

2

because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

3

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. THE R&R

Barnett applied for disability insurance benefits on April 1, 2014, alleging disability beginning September 17, 2013, due to arthritis, asthma, attention deficit hyperactivity disorder (ADHD), anxiety, borderline personality disorder, depression, sleep apnea and wrist issues. *See* AR 159, 181. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Barnett was not disabled as defined in the Act. Barnett argues the ALJ erred in determining that she was not disabled because:

1. The ALJ's finding of no severe mental impairment is not supported by substantial evidence.

2. The ALJ's physical residential functional capacity (RFC) determination is not supported by substantial evidence.

*See* Doc. No. 11. Judge Williams addressed each argument separately.

With regard to Barnett's mental impairments, Barnett argues the ALJ should have relied on the opinions of her treating psychiatrist, Dr. Frank Babcock, M.D., consultative examiner Dr. Harlan Stientjes, Ph.D. and state agency examiner, Dr. Dee Wright, Ph.D. She also argues the ALJ erroneously interpreted her global assessment of functioning (GAF) score of 57 as indicative of mild, rather than moderate limitations.

In considering the ALJ's determination that Barnett's mental impairments were non-severe at Step Two, Judge Williams noted the ALJ found that Barnett admitted she had no problem with activities of daily living, could pay attention for an unlimited period

of time, could finish what she started and could follow spoken instructions "well." Doc. No. 14 at 8 (citing AR 24). Barnett admitted having these abilities less than a year after the date of Dr. Babcock's opinion. Moreover, Dr. Babcock's opinion was provided in checkbox form, which is considered of little evidentiary value. *Id.* at 9. Judge Williams concluded the ALJ did not err in discounting Dr. Babcock's opinions based on Barnett's self-professed ability to successfully complete work-related functions after Dr. Babcock provided his opinion.

With regard to Dr. Stientjes's opinion, the ALJ noted that it was provided six weeks after Barnett claimed she could perform the aforementioned work-related functions and was consistent with Barnett's statements. *Id.* Judge Williams noted that while Dr. Stientjes assessed a GAF score of 57, such scores "have no direct correlation to the severity standard used by Commissioner." *Id.* at 10 (quoting *Wright v. Colvin*, 789 F.3d 847, 855 (8th Cir. 2015)). Therefore, Judge Williams concluded the ALJ appropriately relied on Dr. Stientjes's opinion, including the GAF score.

Finally, with regard to Dr. Wright's opinions, Judge Williams found no error with the ALJ's assessment. He noted that Dr. Wright found that Barnett suffered from certain mental deficits but nonetheless was able to handle daily responsibilities, was "not significantly limited socially," and had attention and concentration that were "adequate for at least non-complex tasks." *Id.* Judge Williams concluded that nothing in Dr. Wright's analysis was contrary to the ALJ's opinion and the ALJ did not err in evaluating that opinion.

Judge Williams concluded that the ALJ's decision to categorize Barnett's mental impairments as "non-severe" at Step Two was supported by substantial evidence, including medical evidence and statements from Barnett. He also noted that much of the evidence Barnett identified as inconsistent with the ALJ's decision was actually consistent. Thus, he recommends I affirm this aspect of the ALJ's decision.

Judge Williams then considered Barnett's arguments related to her physical RFC. Barnett primarily argues that the ALJ should have given greater weight to her subjective complaints and the opinions of Dr. Lusczyck. The ALJ provided the following RFC:

> In summary, based on a review of the medical evidence of record, as well as the claimant's testimony at the hearing and the record as a whole, the undersigned finds that the claimant has failed to build a logical bridge from the evidence contained in the record that would support . . . her allegations of totally incapacitating symptoms. The undersigned further finds that the claimant has failed to build a logical bridge from the evidence contained in the record that would support a finding of a more [restricted] residual functional capacity than the residual functional capacity . . . found herein.

*Id*. at 11 (quoting AR 33).

With regard to Barnett's subjective complaints, Judge Williams concluded the ALJ properly discredited them. He noted that the evidence supported the ALJ's determination that Barnett's pain was manageable with medication and "relatively effective" in controlling her symptoms. *Id*. He found the ALJ considered all of the evidence, including the objective medical evidence, in concluding Barnett experienced pain, but not at a disabling level as Barnett alleged. Judge Williams concluded that because substantial evidence supported the ALJ's decision to discount Barnett's subjective allegations without considering her behavior at the hearing, he did not need to analyze that additional reason the ALJ provided for discounting Barnett's subjective complaints. *Id.*

Judge Williams next considered the ALJ's analysis of Dr. Luszcyk's opinions. The ALJ found the medical evidence did not support Dr. Luszcyk's opinion that Barnett "may have difficulty performing any type of functional job." *Id*. at 12 (citing AR 427). Judge Williams concluded this determination was supported by substantial evidence on the record as a whole.

Judge Williams also considered the ALJ's analysis of Dr. Mark Iltis' opinions. He noted that Dr. Iltis completed a physical RFC questionnaire that did not contain greater limitations than the ones identified by the ALJ. *Id*. He also agreed with the

6

ALJ's finding that Dr. Iltis applied a questionable methodology in completing the questionnaire and did not maintain internal consistency.[1] *Id.* (citing AR 31-32). Barnett admitted that Dr. Iltis completed the questionnaire in her presence and that some of his responses were based on Barnett's subjective complaints. *Id.* at 13-14 (citing AR 69). Judge Williams concluded the ALJ properly discounted Dr. Iltis' opinions based on internal inconsistencies. Overall, he found the ALJ's physical RFC assessment was supported by substantial evidence in the record as a whole and recommends I affirm this aspect of the ALJ's decision as well. *Id.* at 14.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards in concluding that the ALJ's analysis of Barnett's mental impairments and her physical RFC were supported by substantial evidence in the record as a whole. While I may have analyzed some aspects of the ALJ's decision differently,[2] I agree that the ALJ's decision is supported by substantial evidence in the record as a whole and therefore, adopt Judge Williams' recommendation, with the modification explained in footnote 2.

---

[1] As an example, the ALJ noted it was inconsistent for Dr. Iltis to state that Barnett needed to walk 10 minutes every 20 minutes, but could only stand/walk less than 2 hours in an 8-hour workday. *See* AR 31.

[2] For instance, I do not agree with the ALJ's determination that it was inconsistent for Dr. Iltis to state that Barnett needed to walk 10 minutes every 20 minutes, but could only stand/walk less than 2 hours in an 8-hour workday. I interpret these two limitations, taken together, to mean that Barnett needed to walk 10 minutes every 20 minutes, but could only do that for a total of 2 hours in an 8-hour workday. In other words, the latter is a condition of the former. However, because the ALJ provided other good reasons supported by substantial evidence in the record as a whole for discounting Dr. Iltis' opinion, I do not find this issue to be a basis for reversal or remand.

7

## V.  CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Williams' R&R (Doc. No. 14) with the minor modification described in footnote 2, *supra*. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Williams' recommendation, the Commissioner's determination that Barnett was not disabled is **affirmed**. Judgment shall enter in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 10th day of April, 2018.

_____
Leonard T. Strand, Chief Judge